IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KIMBERLY J. ERMAN | ) | |
| | ) | |
| v. | ) | NO. 3:04-1092 |
| | ) | |
| JERRY D. WETHINGTON, et al. | ) | |

TO:    Honorable Alata A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered November 30, 2005 (Docket Entry No. 110), the Court referred this action to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and recommendation on all dispositive motions under 28 U.S.C. §§ 636(b)(1)(A) & (B), and to conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil Procedure.

Presently pending before the Court is the plaintiff's motion (Docket Entry No. 22) for conditional certification of representative action and to send court-approved notice to putative members of representative action pursuant to 29 U.S.C. § 216(b). The defendants have filed a response in opposition (Docket Entry No. 48), the plaintiff has filed a reply (Docket Entry No. 65), and the defendants have filed a surreply (Docket Entry No. 81).

For the reasons set out below, the Court recommends that the motion be denied.

## I. BACKGROUND

This action was filed on December 8, 2004, in the aftermath of the April 28, 2004, closing of a line of restaurants in Tennessee, Michigan, and Ohio which had been operated by the Cooker Restaurant Corporation ("Cooker"). The original complaint was brought by nine plaintiffs: Kimberly Erman, a former hourly employee of Cooker; Jeff Perinis, a former salaried employee of Cooker; Henry Hillenmeyer, a shareholder, former member of the Board of Directors, and former Chairman and Chief Executive Officer of Cooker; Daniel Clay, a shareholder and former officer of Cooker; and John Beasley, Ted Feldman, Ragweed Corporation, Robert Zelle, and Robert Zelle as trustee of the Robert Zelle trust, all shareholders of Cooker.

The complaint alleged twelve separate causes of action against three defendants who are the controlling shareholders of Cooker: the River Capital Partners IV, L.P.; the River Capital Investors IV, L.P.; and the River General Partners IV, LLC ("River Capital Defendants"); and two individual defendants: Jerry Wethington, a shareholder of Cooker, former member of the Board of Directors of Cooker, and the controlling principal of the River Capital Defendants; and Wayne Bradley, defendant Wethington's attorney during the relevant time period.

By order entered April 28, 2005 (Docket Entry No. 47), the Court dismissed defendant Bradley from the action. The Court also dismissed all claims in the action except for a claim that the River Capital Defendants and defendant Wethington had violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). As a result of the dismissal of eleven of the twelve asserted claims,[1] the sole remaining plaintiff is Kimberly Erman ("Erman"), who alleges that she and all

---

[1] The eleven dismissed claims were state law claims brought by former shareholders and former salaried employees based on breach of contract, breach of fiduciary duties, interference with contracts and business relations, negligence, attorney malpractice, and civil conspiracy. The Court

2

similarly situated former hourly employees of Cooker are entitled to unpaid wages, liquidated damages, fees, and costs because they were not paid wages for the period of April 5-28, 2004.

## II. PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

The plaintiff seeks an order of conditional certification of a collective action under 29 U.S.C. § 216(b) and to send court-approved notice to putative members of the collective action. Paragraph 3 of the Notice To Potential Class Members proposed by the plaintiff sets out the composition of the putative class as follows:

> Plaintiff Kim Erman seeks to sue on behalf of herself and also on behalf of other employees with whom she is similarly situated. Specifically, the plaintiff seeks to sue on behalf of any and all hourly employees who were not paid wages earned while employed by Cooker Restaurant Corporation during the pay period April 5, 2004, through April 28, 2004.

See Attachment No. 4 to Docket Entry No. 24.[2]

In support of her motion, the plaintiff submits her own affidavit, in which she states that she did not receive any wages for the pay period April 5, 2004, through April 28, 2004. See Docket

---

found that these claims do not constitute one case or controversy with the federal FLSA claim and declined to exercise supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367(c). See Memorandum (Docket Entry No. 46).

[2] The time period at issue is not very clear. In Section 2 of the proposed Notice, the plaintiff recites that she is seeking unpaid wages and overtime pay from April 19, 2004, to April 28, 2004, and in her affidavit (Docket Entry No. 60), she states that those similarly situated to her did not receive wages for the pay period April 19, 2004, through April 28, 2004. However, in Section 3 of the proposed notice and in the Third Amended Complaint, the plaintiff asserts that she seeks to sue on behalf of hourly employees who were not paid wages by Cooker during the period April 5-28, 2004. (Although the prayer for relief in the Third Amended Complaint refers to the year 2005, it is clear that the correct year is 2004).

3

Entry No. 60.[3] The plaintiff also submits the affidavit of Henry Hillenmeyer, a former plaintiff in this case. See Docket Entry No. 27. Hillenmeyer states that he was formerly employed by Cooker as the Chief Executive Officer and "was responsible for overseeing the day to day operations of Cooker restaurants." Id. at ¶ 5. Hillenmeyer states that to the best of his knowledge, information, and belief, hourly workers were not paid during the time period of April 19-26, 2004. Id. at ¶¶ 10-11.

The plaintiff also submits consent forms from 13 individuals who state they were former employees of Cooker. These consent forms all read as follows:

> I, ___, the undersigned, formerly an employee of Cooker Restaurant Corporation, hereby consent to become a party Plaintiff in the above action. I have read Defendants' Response to Plaintiff's Motion for conditional Certification of Representative Action Pursuant to 29 U.S.C. § 216(b).

See Attachments to Docket Entry Nos. 59 and 66.

### III. DEFENDANTS' RESPONSE

The defendants oppose the motion for two reasons. First, they assert that the plaintiff's current counsel has an inherent conflict of interest which precludes him from serving as the attorney for the plaintiff in any collective action based upon the allegations in this action. The defendants contend that counsel represented two former plaintiffs in this action, Henry Hillenmeyer and Daniel Clay, who are potentially liable as "employers" under the FLSA. The defendants argue that this

---

[3] The plaintiff initially submitted an affidavit (Docket Entry No. 26) which included handwritten notes in the margin and was not properly notarized, a shortcoming noted by the defendants in their initial response. See Docket Entry No. 48 at 22. The subsequent affidavit filed by the plaintiff (Docket Entry No. 60) cures these deficiencies and is the version which the Court will consider in its review.

conflict prevents counsel from adequately representing the proposed class of former Cooker hourly employees because it forecloses counsel from pursuing a potential avenue of recovery for the entire class. The defendants assert that the conflict is irremediable and should preclude the Court from granting the motion for certification of a collective action.

The defendants' second argument in opposition to the motion is that the plaintiff has not alleged nor presented adequate factual support to demonstrate that she is similarly situated with the former hourly employees of Cooker whom she seeks to represent in the collective action. The defendants contend that the allegations contained in the complaint are overbroad and too general and that the evidence submitted by the plaintiff in support of her motion fails to establish that she is similarly situated to the putative class.

## IV. ANALYSIS AND CONCLUSIONS

1. Conflict of Interest

The plaintiff's motion for conditional certification of a collective action should be denied. A conflict of interest exists which prevents the plaintiff's current counsel from being the representative counsel for any class of hourly Cooker employees in the instant action.

Under the FLSA, individuals who fall within the definition of an employer can be deemed liable for violations of the Act and the FLSA contemplates there being simultaneous employers who can be found jointly and severally liable. Dole v. Elliot Travel & Tours, Inc., 942 F.2d 962, 965 (6th Cir. 1991). An "employer" is defined under the Act to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Because of the remedial purposes of the FLSA, the definition of "employer" is to be construed broadly and

5

is controlled by the "economic realities" of the case at issue rather than common law concepts of agency. Dole, 942 F.2d at 965. As such, a corporate officer can be an employer who has joint and several liability for violations of the FLSA if the officer has operational control over significant aspects of the corporation's day-to-day functions. Id.

In the instant action, Henry Hillenmeyer and Daniel Clay were both former plaintiffs and were represented by the same attorney who now represents plaintiff Kimberly Erman, G. Thomas Nebel. Both Mr. Hillenmeyer and Mr. Clay held positions with Cooker that were far removed from the position of an hourly employee which was the employment status of Ms. Erman. Indeed, the former plaintiffs were significant individual shareholders of Cooker and were members of the Board of Directors. Mr. Hillenmeyer was the Chief Executive Officer until his resignation on April 26, 2004, and Mr. Clay held the positions of Executive Vice President and Chief Operating Officer. See Third Amended Complaint (Docket Entry No. 62) at ¶¶ 21, and 29-30 and Exhibit B; Affidavit of Henry Hillenmeyer (Docket Entry No. 27) at ¶¶ 4-5; and Plaintiff's Index of Attachments (Docket Entry No. 66).

Despite the plaintiff's arguments that only the named defendants in this action are "employers" for the purposes of her FLSA action, the Court finds that a plausible evidentiary and legal basis exists supporting the position that Mr. Hillenmeyer and Mr. Clay fall within the definition of an "employer" under the FLSA and, thus, could be potentially liable parties for FLSA violations. There is certainly nothing before the Court showing that either Mr. Hillenmeyer or Mr. Clay were minor and silent shareholders who had no involvement in the day-to-day operations of Cooker restaurants. Indeed, Mr. Hillenmeyer himself states in his affidavit that he was responsible for overseeing the day-to-day operations of Cooker restaurants. See Docket Entry No. 27 at ¶ 5.

6

At the very least, and irrespective of the issue of what level of control defendant Wethington may have had over the day-to-day operations of Cooker restaurants, factual questions exist concerning the level of operational control each of these individuals had over significant aspects of the day-to-day operations of Cooker restaurants.

Because of counsel's representation of Hillenmeyer and Clay in this very action, counsel is not in a position to name either of these individuals as defendants to a FLSA claim which would be pursued on behalf of the class of hourly workers. Although neither defendant would be a necessary party to such an action because of joint and several liability among any entities who fall within the definition of an FLSA employer, see Yates v. Applied Performance Technologies, Inc., 209 F.R.D. 143, 148-50 (S.D. Ohio 2002), the class of potential FLSA plaintiffs sought to be certified should not be foreclosed from making the assessment of whether these individuals are potential FLSA defendants and from taking the further step of including them as defendants to the FLSA claim. Id. at 152-54.

Because having legal counsel who can adequately and fully represent the interest of the FLSA class sought to be certified is a fundamental necessity to any class or representative action, the Court should not grant the plaintiff's motion to issue court approved notice to potential class members of a collective action under Section 216(b).

7

2. Showing "Similarly Situated" Under Section 216(b)[4]

The FLSA permits a plaintiff to pursue a collective action on behalf of herself "and other employees similarly situated." 29 U.S.C. § 216(b). In order for the named plaintiff to represent the interests of "similarly situated" employees, those employees must "opt in" to the collective action by filing a written consent to become a plaintiff. Clougherty v. James Vernor Co., 187 F.2d 288, 290 (6th Cir. 1951). If the Court authorizes a collective action under Section 216(b), then the Court may issue court-supervised notice to potential class members of the pendency of the collective action. See Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

Courts have generally adopted a two-tiered certification approach for deciding whether a suit can proceed as a collective action. See Horne v. United Services Automobile Assoc., 279 F. Supp. 2d 1231 (M.D. Ala. 2003). First, the court must determine whether notice of the pending action and the opportunity to "opt-in" should be given to potential class members. During this stage, the plaintiff must demonstrate that she is "similarly situated" to the other employees she seeks to notify of the pendency of the action. Upon satisfaction of this requirement, the court will grant "conditional certification" of a collective action. After notice has been sent and discovery has been completed, the defendant can file a motion for decertification, challenging the court's preliminary determination that the other employees are similarly situated. See Olivo v. GMAC Mortgage Corp.,

---

[4] Because the Court's determination that the plaintiff's current counsel cannot represent the putative class is sufficient to resolve the plaintiff's motion, it is not necessary to explore the issue of whether the plaintiff has satisfied her burden of showing that she is similarly situated to the putative class members. For the sake of completeness, the Court will nonetheless briefly address the issue.

8

374 F. Supp. 2d 545, 548-48 n.2 (E.D. Mich. 2004); Mike v. Safeco Ins. Co., 274 F. Supp. 2d 216, 219-20 (D. Conn. 2003).

With respect to the burden the plaintiff must satisfy at the conditional certification stage, not all courts have agreed on what the plaintiff must do to demonstrate that other employees are similarly situated, but most courts agree that the standard is fairly lenient. Olivo, 374 F. Supp. 2d at 548. Some courts have held that "a modest factual showing" is required before notice should be sent to potential plaintiffs. Olivo, 374 F. Supp. 2d at 548 (gathering similar cases); Horne, 279 F. Supp. 2d at 1234 and 1236. Some courts, however, have held that this burden may be satisfied based solely on the allegations in the complaint. See Gieseke v. First Horizon Home Loan Corp., 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006); Allen v. Marshall Field & Co, 93 F.R.D. 438, 442-45 (N.D. Ill. 1982). The Sixth Circuit Court of Appeals has not yet ruled on the proper standard to apply. See Pritchard v. Dent Wizard Int'l Corp., 210 F.R.D. 591, 595-96 (S.D. Ohio 2002); Belcher v. Shoney's Inc., 927 F. Supp. 249, 251 (M.D. Tenn. 1996).

In the instant action, if the Court adopts the "allegations of the complaint" test, it appears that the allegations contained in the third amended complaint are sufficient to satisfy the plaintiff's burden. The plaintiff alleges that she was an hourly worker who was not paid wages for the time period of April 5-28, 2004, that there were over 1400 hourly workers who were not paid wages when Cooker summarily closed all of its 25 restaurants without notice, See Third Amended Complaint (Docket Entry No. 62) at ¶¶ 3-7, and 68. Although the defendants contend that these allegations are too overbroad and general to satisfy the plaintiff's burden, the defendants point to nothing specific which is lacking in the allegations of the plaintiff's complaint. Further, the principles of notice

9

pleading and fact that a lenient standard is to be applied to the first stage of the "similarly situated" test, both suggest that the allegations of the Third Amended Complaint are sufficient.

If the Court adopts the more demanding standard of requiring the plaintiff to makes some type of factual showing that she is similarly situated to the putative class members, it similarly appears that the plaintiff has presented sufficient evidence to satisfy this standard. Her own affidavit attests to her status as an hourly employee who was not paid for the time period of April 5-28, 2004. See Docket Entry No. 60. Hillenmeyer, as the Chief Executive Officer for Cooker until April 26, 2004, attests to his belief that hourly workers were also not paid during the time period at issue. See Docket Entry No. 27. Additionally, the plaintiff has submitted consent notices from thirteen former Cooker employees who consent to become parties in the collective action sought by the plaintiff. See Attachments to Docket Entry Nos. 59 and 66. These putative opt-in plaintiffs specifically stated that they had read the defendants' response to the plaintiff's motion for conditional certification. The notices, although somewhat lacking,[5] provide a sufficient basis for the Court to infer that there are members of the putative class who agree with the plaintiff's allegations and wish to opt-in to the collective action.

The Court notes that the defendants essentially attack only the sufficiency and/or form of the factual support offered by the plaintiff. See Docket Entry No. 81 at 11-13. They offer no substantive argument as to why the plaintiff is not similarly situated to other hourly employees who may have not been paid wages during the relevant time period and have not offered any argument

---

[5] It is puzzling to the Court why, if plaintiff was able to obtain consents from these 13 individuals, plaintiff could not also obtain affidavits from them which contained factual allegations that directly supported the plaintiff's claim of being similarly situated to the individuals as unpaid, hourly employees of Cooker.

10

that hourly workers were, in fact, paid during the time period at issue. As such, any shortcoming in the plaintiff's factual support would appear to be easily remedied by a more diligent and thorough effort on behalf of the plaintiff. Unlike other FLSA actions which involve more complex issues regarding the FLSA violation at issue and/or the issue of whether a representative plaintiff is "similarly situated," the underlying FLSA issue involved in this case appears to the Court to be a fairly simple one.

## RECOMMENDATION

For the reasons set out above, the Court respectfully RECOMMENDS that the plaintiff's motion (Docket Entry No. 22) for conditional certification of representative action and to send court-approved notice to putative members of representative action pursuant to 29 U.S.C. § 216(b) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge