IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KIMBERLY J. ERMAN, for herself and on behalf of all similarly situated former hourly employees of Cooker Restaurant, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil No. 3:04-1092 Judge Trauger |
| v. | ) ) | Magistrate Judge Griffin |
| JERRY D. WETHINGTON, RIVER CAPITAL PARTNERS, IV, L.P., RIVER CAPITAL INVESTORS IV, L.P., and RIVER GENERAL PARTNERS IV, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**

On March 21, 2006, the Magistrate Judge issued a Report and Recommendation, recommending that the plaintiff's Motion for Conditional Certification of Representative Action and Notice (Docket No. 22) be denied on the ground that plaintiff's counsel has an irremediable conflict of interest and is unable to adequately and fully represent the interests of the proposed class. The plaintiff has filed a "Response to the Report and Recommendation" (Docket No. 117) that wholly fails to comply with Rule 72, FED. R. CIV. P., 28 U.S.C. § 636(b)(1)(C), or the Local Rules governing magistrate proceedings in this district. Although the plaintiff disagrees with the Magistrate Judge's conclusion and states that she "believes that no such conflict of interest exists," no further argument or authority accompanies this assertion. Therefore, to the extent that the plaintiff's "Response" can be considered an objection to the Report and Recommendation, it is **OVERRULED**. The Report and Recommendation is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein,

1

the plaintiff's Motion for Conditional Certification of Representative Action and Notice (Docket No. 22) is **DENIED**. It is hereby **ORDERED** that the plaintiff has thirty (30) days within which to have new counsel enter an appearance of record.

It is further **ORDERED** that the defendants' Motion for Conditional Review (Docket No. 118) is **GRANTED**. This court interprets Section IV(2) of the Report and Recommendation as mere *dicta* and does not constitute a ruling by this court, or the Magistrate Judge, that certification of a collective action has been approved.

Consideration of referring this case back to the Magistrate Judge will not be undertaken until new counsel enters an appearance of record.

It is so **ORDERED**.

ENTER this 15th day of May 2006.

_____
ALETA A. TRAUGER
U.S. District Judge

2