IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KIMBERLY J. ERMAN[1]       )
                           )
v.                         )    No. 3-04-1092
                           )
JERRY D. WETHINGTON; RIVER )
CAPITAL PARTNERS, IV, L.P.;)
RIVER CAPITAL INVESTORS IV,)
L.P.; and RIVER GENERAL    )
PARTNERS IV, LLC[2]        )

TO:    Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

### I. BACKGROUND

This action was filed on December 8, 2004, in the aftermath of the April 28, 2004, closing of a line of restaurants in Tennessee, Michigan, and Ohio, which had been operated by the Cooker Restaurant Corporation ("Cooker"). The original complaint was brought by nine plaintiffs: Kimberly Erman, a former hourly employee of Cooker; Jeff Perin, a former salaried employee of Cooker; Henry Hillenmeyer, a shareholder, former member of the Board of Directors, and former Chairman and Chief Executive Officer of Cooker; Daniel Clay, a shareholder and former officer of

---

[1] Plaintiffs Beasley, Clay, Feldman, Hillenmeyer, Perin, Ann H. Zelle, Robert K. Zelle, Robert K. Zelle Trust and Ragweed Corp. were named in the original complaint, but not in the third amended complaint (Docket Entry No. 62).

[2] Defendant Paul, Hastings, Janofsky & Walker was named in the original complaint but not in the second amended complaint (Docket Entry No. 21).

Cooker; and John Beasley, Ted Feldman, Ragweed Corporation, Robert Zelle, and Robert Zelle as trustee of the Robert Zelle trust, all shareholders of Cooker. At the time this action was filed, the plaintiffs were represented by G. Thomas Nebel and Suzette Peyton of the Law Offices of Tom Nebel, P.C.

The complaint alleged twelve separate causes of action against three defendants who are the controlling shareholders of Cooker: the River Capital Partners IV, L.P., the River Capital Investors IV, L.P., and the River General Partners IV, LLC (the "River Capital Defendants"); and two individual defendants, Jerry Wethington, a shareholder of Cooker, former member of the Board of Directors of Cooker, and the controlling principal of the River Capital Defendants, and Wayne Bradley, defendant Wethington's attorney during the relevant time period.

By order entered April 28, 2005 (Docket Entry No. 47), the Court dismissed defendant Bradley from the action. The Court also dismissed all claims in the action except for a claim that the River Capital Defendants and defendant Wethington had violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). As a result of the dismissal of eleven of the twelve asserted claims, the sole remaining plaintiff was Kimberly Erman, who alleged that she and all similarly situated former hourly employees of Cooker were entitled to unpaid wages, liquidated damages, fees, and costs because they were not paid wages for the period of April 5-28, 2004.

By Report and Recommendation entered March 21, 2006 (Docket Entry No. 113), the Magistrate Judge recommended that the plaintiff's motion for conditional certification of a representative action to send Court-supervised notice to putative members of representative action (Docket Entry No. 22) be denied because of a conflict of interest of plaintiff's counsel. By order entered March 31, 2006 (Docket Entry No. 116), the Report and Recommendation was adopted, but,

by order entered April 6, 2006 (Docket Entry No. 123), the plaintiff's motion for reconsideration (Docket Entry No. 12) was granted. After further briefing, the Report and Recommendation was accepted, and the plaintiff was given thirty (30) days within which to have new counsel enter an appearance in this case.

When new counsel had not entered an appearance in this case, the case was re-referred to the Magistrate Judge by order entered June 26, 2006 (Docket Entry No. 127). By order entered June 27, 2006 (Docket Entry No. 128), a case management conference was scheduled on July 11, 2006, at which time counsel for the defendants appeared but the proceedings were conducted telephonically with Mr. Nebel. Mr. Nebel represented that it appeared to him that the Court had granted his request to withdraw as plaintiff's counsel, see Docket Entry No. 125, at 2, in the order entered May 15, 2006 (Docket Entry No. 126). Although the Court agreed that the clear inference of the May 15, 2006, order was that Mr. Nebel would no longer be representing the plaintiff on her individual claim, no explicit order has been entered allowing Mr. Nebel to withdraw as counsel. Therefore, Mr. Nebel advised that he would file a motion to withdraw to clarify his role. By order entered July 12, 2006 (Docket Entry No. 130), Mr. Nebel was directed to provide the Court with the plaintiff's current address and a status conference was scheduled on August 11, 2006. The plaintiff was specifically warned that her failure to appear on August 11, 2006, could result in the dismissal of her case.

By order entered July 11, 2006 (Docket Entry No. 129), the motion of Suzette Peyton, filed on January 17, 2006 (Docket Entry No. 111) was granted since she was no longer employed by the Law Offices of Tom Nebel, P.C.

Mr. Nebel has not filed a motion to withdraw. However, on July 13, 2006, Mr. Nebel faxed the Court a copy of a letter he had written to the plaintiff at 3717 Wycliffe Pike, Toledo, Ohio 43613, dated May 18, 2006, advising her that he was withdrawing as her attorney and informing her that she must obtain substitute counsel within 30 days of the May 15, 2006, order. The letter provided that a copy of the May 15, 2006, order had been enclosed.

Upon receipt of the plaintiff's address and by order entered July 14, 2006 (Docket Entry No. 131), the July 12, 2006, order was mailed to the plaintiff by regular mail and certified mail.

The certified mail was returned to the Court with the notation that it was "unclaimed." The regular mailing has not been returned by the Postal Service. See Docket Entry No. 132.

Although defendants' counsel were present, neither Mr. Nebel nor the plaintiff nor anyone on her behalf appeared on August 11, 2006.[3]

Defendants' counsel advised the Court on August 11, 2006, that they had had no contact with the plaintiff or anyone on her behalf, but that they had left telephone voice messages for Mr. Nebel the preceding week and earlier during the week of August 7, 2006, which Mr. Nebel had not returned. Defendants' counsel also advised that the address maintained by Cooker for the plaintiff while she was employed was 19999 Denby, Redford, Michigan 48240. Defendants' counsel also advised that he had engaged in a spot check comparison of the Toledo, Ohio address provided by Mr. Nebel to the other addresses of hourly workers to insure that Mr. Nebel had not inadvertently provided another employee's address for the plaintiff. However, counsel did not find any addresses matching the Toledo, Ohio address. Therefore, both defendants' counsel and the Court assumed that

---

[3] The Court intentionally delayed over 15 minutes before commencing the status conference.

4

the plaintiff resided in Michigan while employed by Cooker, but moved sometime after April of 2004, to Ohio.

As a result of the plaintiff's failure to appear as ordered on August 11, 2006, and her failure to prosecute this case since May 15, 2006, defendants' counsel orally moved that this action be dismissed with prejudice.

After the August 11, 2006, status conference, on August 15, 2006, Suzette Peyton, former counsel for the plaintiff, filed a declaration (Docket Entry No. 133), in which she attested that her records provide contact information for the plaintiff, including the Redford, Michigan address that corresponded to the address maintained by the Cooker. However, Ms. Peyton also advised in the declaration that she did not know if her address were current because she had not had any contact with the plaintiff since she notified her of her intent to withdraw. It is not clear to the Court when Ms. Peyton would have last communicated with the plaintiff, but it can be assumed that it was no later than January 17, 2006, when Ms. Peyton filed the motion to withdraw.

## II. CONCLUSIONS

Rule 16(f) of the Federal Rules of Civil Procedure provides that:

> [i]f a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D).

Pursuant to Rule 37(b)(2)(C), as assimilated into Rule 16(f), the Court may dismiss an action. In addition, Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for the "failure to prosecute or to comply with these rules or any order of court."

5

By the May 15, 2006, order, the plaintiff was given 30 days to obtain substitute counsel. Her attorney notified her of that obligation by letter dated May 18, 2006. She took no action, and was notified to appear at the August 11, 2006, status conference and was warned of the possible consequences of her failure to appear. The plaintiff did not contact the office of the Magistrate Judge prior to the scheduled proceeding or thereafter, nor did the plaintiff file any paper prior to the scheduled proceeding, nor did she in any fashion seek a continuance of the conference.

Although there may be some confusion about the plaintiff's current address and thus whether the plaintiff received notice of the May 15, 2006, order and the August 11, 2006, status conference, the Court finds that it is more probable than not that the plaintiff's address is, in fact, the address provided by Mr. Nebel. Although Ms. Peyton has attested that the plaintiff's address was in Michigan as of January of 2006, the Court presumes that the plaintiff later moved from that address to Ohio. The Court bases that conclusion on several facts. First, there is no reason to believe that Mr. Nebel mailed his May 18, 2006, letter to the plaintiff at the wrong address or that he provided the wrong address to the Court. Second, defendants' counsel conducted a spot check of the addresses of the hourly workers to determine if Mr. Nebel had somehow inadvertently transposed the plaintiff's address. Although defense counsel acknowledged that his check was not totally comprehensive, the cursory comparison did not reveal any other hourly employee with the same Toledo, Ohio address. Finally and perhaps most significant, the Postal Service returned the July 12, 2006, order sent by certified mail as "unclaimed." The Postal Service did not indicate that the address was incorrect or that the plaintiff had moved. Instead, the Postal Service simply indicated

6

that she had not picked up the certified mail after three attempts to deliver the mail to her.  In addition, the order mailed by regular, first class mail has not been returned by the Postal Service.

### III.  RECOMMENDATION

For the above reasons, the Court recommends that this case be dismissed.  The Court further recommends that the case be dismissed with prejudice.  The plaintiff has had since May 15, 2006, to obtain substitute counsel.  She has taken no action since that time in this case, and has violated the May 15, 2006, order, and the July 12, 2006, order by failing to appear on August 11, 2006.  She has also not communicated in any form or fashion with the Court.

Under these circumstances, it is appropriate to dismiss this case with prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice, and must state with particularity the specific portions of this Report & Recommendation to which objection is made.  Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

The Clerk is directed to send a copy of this Report and Recommendation by both certified mail and regular, first class mail to the plaintiff at 19999 Denby, Redford, Michigan 48240, and 3717 Wycliffe Pike, Toledo, Ohio 43613.

Respectfully Submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge

7